IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 JAN 31 PM 3:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

RODNEY CLAYTON, )
)
    Plaintiff, )
)
vs. ) CV 02-S-2224-NE
)
WARDEN BILLY MITCHEM )
and SERGEANT STEVE PELTZER, )
)
    Defendants. )

ENTERED
JAN 31 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 27, 2002, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) because plaintiff failed to state a claim for which relief can be granted. The plaintiff filed objections to the report and recommendation on December 13, 2002.

In an unsworn document, plaintiff elaborates on his complaint that he was forced to pick tomatoes in the heat of an Alabama August. To the extent plaintiff is complaining about being required to work while imprisoned at the Limestone Correctional Facility, there is no constitutional prohibition against requiring an inmate to work. Compelling convicted prisoners to work is not a violation of the Constitution. In *Omasta v. Wainwright*, 696 F.2d 1304 (11th Cir. 1983), the Court of Appeals for the Eleventh Circuit said:

> [W]here a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order issued by a court of competent jurisdiction and is forced to work pursuant to prison regulations or state statutes, the thirteenth amendment's prohibition against involuntary servitude is not implicated.

696 F.2d at 1306.

*See also Mosley v. Mabry*, 697 F.2d 213 (8th Cir. 1982). Likewise, the nature of work to which a prisoner is assigned is a matter of prison administration within the discretion of prison officials. *Altizer v. Paderick*, 569 F.2d 812 (4th Cir.), *cert. denied*, 435 U.S. 1009 (1978). "The Department of Corrections is authorized to direct inmates to work at any labor and at any site . . . ." Ala. Code § 14-3-47 (1985).

    Plaintiff also disputes the magistrate judge's statement that plaintiff "did not claim that he suffered any injury more serious that being hot and wet while working at his prison job." Plaintiff now claims that "he has suffered Migraine Headaches, from the heat index Eye problems from the red clay dirt, occasionaly [sic] fevers and running nose problems from being in the rain." In support of his claim plaintiff states he, "did sign up for ""Naph Care Health Unit"" on the following dates (8-27-02, 8-28-02) and that he was never schedule [sic] to receive any medical treatment for some un apparent reason." (Doc.#8). In support of his claim plaintiff attached copies of medical request forms which do not indicate to whom they were given. As such, plaintiff has failed to state a claim of constitutional proportion against either of these defendants.

    Plaintiff also argues that his complaint should not have been dismissed because he had filed a motion for discovery. Plaintiff's motion for discovery (Doc.#7) is premature and due to be DENIED.

    Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is

2

ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b).

A Final Judgment will be entered.

DATED this **31st** day of **January**, 2003.

_____
UNITED STATES DISTRICT JUDGE